IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-96-BO

| | |
|---|---|
| LORA SCHADE,<br>   Plaintiff, | )<br>)<br>) |
| v. | )   O R D E R<br>) |
| COMMISSIONER OF SOCIAL SECURITY,<br>   Defendant. | )<br>)<br>) |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). [D.E. 4]. The Court ADOPTS the M&R.

On May 22, 2018, plaintiff moved for leave to proceed in forma pauperis in the instant case. Magistrate Judge Jones issued a Memorandum and Recommendation, finding that plaintiff had sufficient income such that plaintiff's motion should be denied. Plaintiff filed an objection to the M&R on May 29, 2018. In the objection, she argued that her health care costs are high, and so she cannot pay the filing fee.

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see 28 U.S.C.* 636(b). Absent timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted).

Magistrate Judge Jones determined that as plaintiff's spouse has an annual income of $51,456.000, she is able to pay the filing fee. In her objection, plaintiff argues that she has to pay taxes and health care costs, and so the filing fee would be a burden.

This Court determines *de novo* that plaintiff has sufficient income such that her motion should be denied. Proceeding without the prepayment of fees is "a privilege or favor granted by the government," *White v. Barnhart*, 2002 WL 1760980, at *1 (M.D.N.C. July 30, 2002), and should be limited to those for whom paying the fee would deprive the plaintiff of "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Plaintiffs' household income is such that paying the fee would not cause this deprivation. For this reason, the Court accepts the Magistrate Judge's recommendation.

The Court ADOPTS the Magistrate Judge's M&R. [DE 4]. Plaintiff is DIRECTED to remit the filing fee to the Clerk within thirty [30] days.

SO ORDERED, this 15 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE