IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-cv-96-BO

| | | |
|---|---|---|
| LORA L. SCHADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 26, 29]. A hearing was held on these matters before the undersigned on February 4, 2020 at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 26] is DENIED and defendant's motion [DE 29] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits. Plaintiff filed her application in March 2015. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ) in March 2017. The ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g) this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Plaintiff argues the ALJ erred by (1) failing to perform a functional assessment of plaintiff's neck, (2) violating *Radford*, (3) failing to adequately account for effects of plaintiff's headaches, and (4) that the ALJ's appointment violated the Appointments Clause.

The Court finds that the ALJ committed no reversible error and that the decision is supported by substantial evidence. Regarding plaintiff's neck, the ALJ properly analyzed and found that plaintiff's subjective complaints of functional limitations were not supported by the record. On this issue, the ALJ properly considered the objective medical evidence and plaintiff's conservative treatment. *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996); *Mickles v. Shalala*, 29 F.3d 918, 929–30. Additionally, the ALJ did not violate *Radford*. The ALJ discussed Listing 1.04A, but more importantly, taking the opinion as a whole, the ALJ's reasons for finding that Listing 1.04A was not met are clear—plaintiff could not establish the Listing's requirements of motor loss with sensory or reflex loss.

With respect to plaintiff's headaches, the ALJ explained that the headaches were treatable with over-the-counter medications and did not cause weakness, memory loss, or confusion. Finally, plaintiff failed to raise any challenge to the ALJ's appointment at any point in the

3

administrative proceedings. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to challenge agency appointments); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (requiring plaintiff to exhaust her constitutional claim before seeking review in federal court). Because plaintiff failed to timely raise her Appointments Clause claim, it has been forfeited, and no remand is necessary on that basis.

In sum, the ALJ committed no reversible error and remand is not appropriate. Plaintiff's motion for judgment on the pleadings must be denied, and defendant's motion must be granted.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 26] is DENIED and defendant's motion for judgment on the pleadings [DE 29] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this ___7___ day of February, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE